UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0166-LJM-DKL-1 |
| | ) | |
| JAMAR JAVON JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Larry J. McKinney, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on May 22, 2015, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on September 16, 2015, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 16, 2015, defendant Jamar Javon Jackson appeared in person with his appointed counsel, William Dazey. The government appeared by Jeff Preston, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Mark McClease.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Jackson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Jackson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Jackson and his counsel, who informed the court they had reviewed the Petition and that Mr. Jackson understood the violations alleged. Mr. Jackson waived further reading of the Petition.

3. The court advised Mr. Jackson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Jackson was advised of the rights he would have at a preliminary hearing. Mr. Jackson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Jackson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Jackson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Jackson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against his unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Jackson, by counsel, stipulated that he committed Violation Numbers 2 and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"The defendant shall reside for a period of 2 months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
| | As a condition of his supervision, the Court ordered the offender to reside in a RRC for the first two months of his supervision term. The offender arrived at the RRC on April 17, 2015. Less than three weeks later, he was arrested for the pending offense. On the day he was arrested, the offender had left the RRC on a job search pass to Morales Group, located at 5628 W. 74th Street, Indianapolis, Indiana. He was not authorized to be in a vehicle in Plainfield, Indiana, with his co-defendants. The offender was considered AWOL from the facility that same day, as he was incarcerated. |
| 3 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.."** |
| | The offender was arrested with another offender currently on supervised release, Robert Smith (DOB XX-XX-76). Mr. Smith is on supervision for Attempted Armed Bank Robbery and Brandishing a Firearm during a crime of violence. The offender and Mr. Smith are acquainted through their terms of incarceration. |

7. The Government orally moved to dismiss violation 1 and the Court granted the same.

8. The Court placed Mr. Jackson under oath and directly inquired of Mr. Jackson whether he admitted violations 2 and 3 of his supervised release set forth above. Mr. Jackson admitted the violations as set forth above.

9. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Jackson's criminal history category is IV.

3

    (c)  The range of imprisonment applicable upon revocation of Mr. Jackson's supervised release, therefore, is 6 -12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

  10. The parties jointly recommended to the Court a modification to Mr. Jackson's conditions of supervised release to include residing at a Residential Reentry Center for a period of up to four (4) months.  Mr. Jackson is to self-surrender upon designation by the Federal Bureau of Prisons.

  The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, JAMAR JAVON JACKSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED**, and he is to reside at the Volunteers of America for a period of up to four (4) months with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation.   Mr. Jackson is to self-surrender upon designation by the Federal Bureau of Prisons.  Mr. Jackson is released subject to the current terms of his supervised release pending designation.

  Counsel for the parties and Mr. Jackson stipulated in open court waiver of the following:

  1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

  2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

  Counsel for the parties and Mr. Jackson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Jackson's supervised release to include residing at the Volunteers of America for a period of up to four (4) months with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Jackson is to self-surrender upon designation by the Federal Bureau of Prisons. Mr. Jackson is released subject to the current terms of his supervised release pending designation.

IT IS SO RECOMMENDED.

Date: 9/18/15   _____

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal